Opinion issued October 27, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00560-CR

————————————

**TRISTAN OMARR ARMSTRONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 226th District Court
Bexar County, Texas
Trial Court Case No. 2013-CR-5695

## MEMORANDUM OPINION

A jury found appellant, Tristan Omarr Armstrong, guilty of the third-degree

felony offense of evading arrest and assessed his punishment at two years'

confinement.[1]  The trial court certified that the case is not a plea-bargain case and that appellant has the right to appeal.  Appellant timely filed a notice of appeal.[2]

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority.  *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the appellate record and the brief to appellant and informed him of his right to file a response.  *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *see also Kelly v. State*,

---

[1]  *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (Vernon Supp. 2014).

[2]  The Texas Supreme Court transferred this appeal from the Court of Appeals for the Fourth District of Texas to this Court pursuant to its docket equalization powers.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

2

436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (holding that appellate counsel who files *Anders* brief must "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes"). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by examining entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] Attorney Oscar Luis Cantu, Jr. must immediately send appellant the

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal

3

required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX.

R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).